Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Chancellor D. Nobles (State Bar No. 330081)
Chancellor@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorney for Plaintiff Patricia Hoover,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HOOVER, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>    vs. <br><br> COMMUNITY BRANDS PARENTCO, LLC, a Delaware limited liability company; COMMUNITY BRANDS LLC, a Delaware limited liability company; EDUCATION BRANDS, LLC, a Delaware limited liability company; MOBILECAUSE, INC., a Delaware corporation, <br>           Defendants. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT** <br><br> DEMAND FOR JURY TRIAL |

1

Plaintiff Patricia Hoover, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff Patricia Hoover ("Plaintiff") is an individual who worked for Defendants Community Brands Parentco, LLC, Community Brands LLC, Education Brands, LLC, and MobileCause, Inc. ("Defendants").  She brings this action on behalf of herself individually and a putative class of employees working throughout California and nationwide.

2.    Defendants are in the business of developing and marketing cloud-based software solutions to customers nationwide.

3.    Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

4.    Plaintiff brings this action based on Defendants' failure to maintain a policy that compensates its employees for all overtime wages.  There are many similarly situated current and former employees who have not been paid for all hours worked over 40 in a workweek in violation of the FLSA, as for a lengthy period, Defendants maintained a practice of not compensating their employees for any overtime, regardless of the amount of overtime hours worked.

5.    Furthermore, once Defendants began paying employees some overtime compensation, they still failed to compensate employees for all overtime hours worked, maintaining a practice of not counting work tasks such as mandatory training videos, questions, and demonstrations as time worked.

6.    Additionally, Defendants maintained a willful and systematic practice of failing to compensate its employees for overtime at their proper regular rate of pay by failing to factor commissions and other non-discretionary bonuses into employess' regular rate of pay for overtime purposes.

7.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all other similarly situated to recover, among other things, unpaid wages and commissions, interest, attorneys' fees, costs, expenses, and penalties pursuant to the FLSA.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.

9.      The United States District Court for the Northern District of California has personal jurisdiction over Defendants because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

**THE PARTIES**

10.     Plaintiff is a citizen of California.  Plaintiff worked for Defendants from approximately December 2019 to January 2023.  Details regarding Plaintiff's precise hours, pay, and revenue generated for Defendants are available by reference to Defendants' records.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were are are employers as defined in and subject to the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

12.     Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees who elect to opt into this action who work or have worked for Defendants as employees nationwide and who were paid a commission, bonus or benefit stipend in the past three (3) years ("the FLSA Class").

13.     Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other employees. There are many similarly situated current and former employees who have not been paid for all hours worked over 40 in a workweek, or received all minimum wages, in violation of the FLSA who would

benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Violation of 29 U.S.C. § 207, 211 & 29 C.F.R. § 516.2(b))

14.　Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

15.　At all relevant times, Defendants have been an employer and Plaintiff and its employees have been employees under Federal Law entitled to the protections of the FLSA.

16.　The FLSA requires employers to keep accurate records of hours worked and wages paid, among other information, and to provide these records to their employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(b). Defendants' practices and policies were violations of these requirements.

17.　Although Plaintiff and putative FLSA members periodically worked more than 40 hours in a week, Defendants had a policy and practice of failing and refusing to pay employees for all hours of overtime and thus violated and continue to violate the above-referenced overtime provisions of the FLSA.

18.　Indeed, throughout 2020, Plaintiff worked well over 40 hours most weeks and often worked 10-hour days – without ever being paid *any* overtime. At some point thereafter, Defendants began paying for some overtime – albeit incorrectly.

19.　Indeed, Defendants failed to factor in Plaintiff and other employees' commissions and other non-discretionary bonuses into their regular rate of overtime pay for overtime purposes, resulting in a systematic practice of underpaying Plaintiff and other employees for overtime under the FLSA.

20.    For instance, during the pay period from February 15 to February 28, 2021, Plaintiff was paid $1,672.50 in commissions, as well as $309.41 in non-discretionary medical benefits. However, her overtime was only paid at rate of one-and-a-half times (1.5x) her base hourly rate of pay for the seven-and-a-half (7.5) hours of overtime recorded during the relevant time period, instead of her proper regular rate accounting for the additional compensation.

21.    Similarly, during the pay period from March 19 to April 11, 2021, Plaintiff was paid $508.56 in commissions, as well as $309.41 in non-discretionary medical benefits. However, her overtime was only paid at rate of one-and-a-half times (1.5x) her base hourly rate of pay for the three-and-a-half (3.5) hours of overtime recorded during the relevant time period.

22.    Also similarly, during the pay period from November 28 to December 11, 2022, Plaintiff was paid commissions of $169.44. However, her overtime was only paid at a rate of one-and-a-half times (1.5x) her base hourly rate of pay for the overtime recorded during the relevant time period.

23.    In another example, during the pay period from December 12 to December 25, 2022, Plaintiff was paid $682.49 in commissions. However, her overtime was only paid at a rate of one-and-a-half times (1.5x) her base hourly rate of pay for the overtime recorded during the relevant time period.

24.    Plaintiff and FLSA Members seek the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

///
///
///
///
///

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1. For certification of this action as a class action, including certifying the FLSA Class alleged by Plaintiff;

2. For appointment of Patricia Hoover as the class representative;

3. For appointment of Lebe Law, APLC as class counsel for all purposes;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For any unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to the FLSA;

7. For liquidated damages pursuant to the FLSA;

8. For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, inbcuding pursuant to the FLSA;

9. For pre-judgment interest; and

10. For other relief as the Court deems just and proper.


Dated: August 16, 2023          **LEBE LAW, APLC**


By: _____ */s/ Jonathan M. Lebe* _____
Jonathan M. Lebe
Chancellor D. Nobles
Attorneys for Plaintiff Patricia Hoover


///
///
///

6

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: August 16, 2023                    **LEBE LAW, APLC**


By: _____*/s/ Jonathan M. Lebe*_____
Jonathan M. Lebe
Chancellor D. Nobles
Attorneys for Plaintiff Patricia Hoover

CLASS ACTION COMPLAINT

1    Jonathan M. Lebe (State Bar No. 284605)
     Jon@lebelaw.com
2    Chancellor D. Nobles (State Bar No. 330081)
     Chancellor@lebelaw.com
3    **Lebe Law, APLC**
     777 S. Alameda Street, Second Floor
4    Los Angeles, CA 90021
     Telephone: (213) 444-1973
5

6    Attorney for Plaintiff Patricia Hoover,
     Individually and on behalf of all others similarly situated
7

8                **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11   PATRICIA HOOVER, individually      Case No.
     and on behalf of all others similarly
12   situated,                          **CONSENT TO SUE UNDER THE**
                                        **FAIR LABOR STANDARDS ACT BY**
13              Plaintiff,              **PATRICIA HOOVER**

14
        vs.
15

16   COMMUNITY BRANDS
17   PARENTCO, LLC, a Delaware
     limited liability company;
18   COMMUNITY BRANDS LLC, a
     Delaware limited liability company;
19   EDUCATION BRANDS, LLC, a
     Delaware limited liability company;
20   MOBILECAUSE, INC., a Delaware
21   corporation,
22              Defendants.
23

24

25

26

27

28

                                    1

                            CONSENT TO SUE

**<u>CONSENT TO SUE UNDER THE FLSA</u>**

I, Patricia Hoover, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with COMMUNITY BRANDS PARENTCO, LLC, a Delaware limited liability company; COMMUNITY BRANDS LLC, a Delaware limited liability company; EDUCATION BRANDS, LLC, a Delaware limited liability company; MOBILECAUSE, INC., a Delaware corporation, and any other associated parties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

I authorize Lebe Law, APLC, and any associated attorneys as well as any successors or assignees to represent me in such action.

DATED: <u>Aug 16, 2023</u>

By: <u>*Patricia Hoover*</u>
Patricia Hoover (Aug 16, 2023 15:19 PDT)

Patricia Hoover

CONSENT TO SUE